No. 230.—E. W. WARFIELD et al. *v.* G. W. OLIVER.

If the suit be commenced before the entire obligations sued upon are due, but such obligations become due before judgment, the court may, in its discretion, allow an amendment of the pleadings so as to cover the whole demand.

The lessor has, as a security for the payment of the rent and the other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the property leased. The obligation by the lessee to repair and to keep in repair the premises leased, gives the lessor a right of pledge on the movables of the lessee found on the place for its faithful performance.

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Garrett & Garrett, R. W. Richardson* and *W. J. Q. Baker,* for plaintiffs and appellees. *Stubbs & Cobb* for defendant and appellant.

HOWE, J. This was an action to enforce the obligations of a plantation lease executed by the defendant as lessee. A writ of sequestration was issued. There was a judgment in favor of plaintiffs, and defendant appealed

*First*—The defendant filed an exception to the prematurity of the action begun December 15, 1870, because a portion of the claim for

rent was not then due, and d d not become due till December 31, 1870. On the eleventh of April, 1871, the exception was sustained, with leave, however, to amend, it appearing that the rent, nearly due when suit was begun, was now long past due, and the amendment was made and issue joined thereon. We see no error, but good sense and justice in this permission to amend. 4 An. 184; 17 La. 212. The case differs from Catlett *v*. Heffner, lately decided.

*Second*—The defendant moved to dissolve the writ of sequestration on the grounds that there was no privilege for the claim of $5000 for the non-performance of the obligations of the lease (other than that to pay rent), the same being for damages unliquidated; that the claim for rent depended, by the terms of the lease, on a potestative condition, not yet fulfilled, and that the allegations in the affidavit were untrue. We think the motion was properly overruled. As to the first ground, the lessor has, for the payment of his rent and other obligations of the lease, a right of pledge on the movable effects of the lessee which are found on the property leased. Rev. C. C. 2705. The "other obligations" of this lease involved in this discussion sprung from Oliver's agreement in that instrument to put the plantation in repair and to keep it in repair. As will be seen by the evidence in the record, this obligation was of great importance, and we see no reason to decide that it is not secured by the right of pledge above mentioned.

As for the second ground, it appears that by the lease the rent was fixed at six dollars per acre, and the exact number of acres was to be ascertained by "survey." This word "survey," it is claimed, means the survey mentioned in article 823 *et seq*. Rev. C. C., and such a survey not having been made, the rent is not due. We do not suppose this argument is made with entire seriousness, or that we shall be expected to reply to it at great length. It seems clear that the survey here provided meant an accurate measurement, in order that the amount due might be made mathematically certain.

The last ground refers to the merits.

*Third*—Upon the merits, we are not prepared to say that there was error in the judgment. It was provided by the lease that the amount expended by the defendant in making certain improvements should be credited on the rent; but the judge *a quo* gave judgment for the rent, and compensated the claims of defendant for improvements made with the amount found due to plaintiffs for the non-performance of the other obligations of the lease. It may well be that the method adopted by the judge below was erroneous, but if the conclusion he reached was accurate in amount, it being a money judgment merely, and both branches of the plaintiffs' claim being privileged, the error of method would furnish no reason for a reversal. We are of opinion that the amount of the judgment is correct.

Judgment affirmed.