KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* ANDERSON.

Opinion delivered July 1, 1912.

1. PLEADING—AMENDMENT—NEW CAUSE OF ACTION.—Where plaintiff sued to recover the value of a mare killed by defendant's train, an amendment to the complaint asking for double damages therefor and attorney's fees under Acts 1907, p. 144, is not a new cause of action. (Page 502.)

2. SAME—AMENDMENT.—After an appeal is taken from the court of a justice of the peace, the circuit court may permit an amendment by increasing the amount of the original demand, provided no new cause of action is stated. (Page 502.)

3. APPEAL AND ERROR—ERROR NOT ASSIGNED IN MOTION FOR NEW TRIAL.—The error in admitting testimony can not be insisted upon on appeal unless it was made an assignment of error in the motion for new trial. (Page 503.)

4. RAILROAD—DAMAGE BY TRAIN—PRESUMPTION.—Proof that an animal was killed by the running of a train raises a *prima facie* case of negligence which will justify the court in directing a verdict for the plaintiff where there was no evidence rebutting such presumption. (Page 503.)

5. CONSTITUTIONAL LAW—DUE PROCESS.—The act of February 27, 1907, imposing a penalty of double damages and attorney's fee where a railroad company fails to pay for stock killed or injured by its trains within thirty days after notice thereof is served on it by the owner of such stock, is not void as depriving railroad companies of property without due process. (Page 503.)

Appeal from Little River Circuit Court; *Jefferson T. Cowling,* Judge; affirmed.

*Read & McDonough,* for appellant.

1. The act upon which the penalty and attorney's fee are based is unconstitutional. Section 1, Fourteenth Amendment, U. S. Const.; Acts 1907, p. 144; 165 U. S. 169; 97 Ark. 100; 207 U. S. 73, cases cited at p. 77; 61 Pac. 307; 105 Fed. 31; 24 Am. Dec. 511; 47 L. R. A. 343; 49 Ark. 492; 38 S. E. (Ga.) 67; 70 Mich. 382; *Id.* 433; *Id.* 620; 71 Mich. 35; 44 Pac. 149; 41 S. E. 240; 41 S. W. 684; 65 Ala. 193; 60 Miss. 641; 106 Ala. 501; 27 Col. 107.

2. On appeal from justice's court to the circuit court, it is not permissible to introduce a new cause of action by way of amendment. Kirby's Dig., § 4682.

*James S. Steel, J. S. Lake* and *James D. Head,* for appellee.

1. Appellant's objections to the constitutionality of the act are all settled by this court contrary to appellant's contentions in 90 Ark. 538.

2. Appellant's objections to the amendment comes too late. It should have raised the issue in the lower court. However, the amendment did not state a new cause of action, and it was in the trial court's discretion to permit it to be filed. Kirby's Dig., § § 6081, 6082; 143 S. W. (Ark.) 577; 59 Ark. 441-446; 96 Ark. 524-529; 85 Ark. 246 and 251; 74 Ark. 615; 68 Ark. 71; 70 Ark. 244; 73 Ark. 530; 69 Ark. 140; 64 Ark. 305; *Id.* 253.

3. Where the proof shows that an animal was killed by a train operated by a railway company, and no evidence is introduced to rebut the statutory presumption of negli-

gence, a peremptory instruction to find for the plaintiff is justified.

FRAUENTHAL, J. This is an appeal from a judgment awarding to appellee double damages and attorney's fees for a mare killed by one of appellant's trains. The appellant seeks a reversal of the judgment for the reason that errors, as it claims, were committed by the lower court in the trial of the case, but principally upon the ground that the act of the Legislature approved February 27, 1907 (Acts of 1907, p. 144), under which the recovery for double damages and attorney's fee was allowed, is unconstitutional and void. The suit was originally brought by appellee before a justice of the peace for the recovery of $50, the alleged value of the mare. From a judgment in his favor, an appeal was taken to the circuit court. In that court appellee filed an amendment to his complaint or claim, in which he alleged that appellant had failed and refused to pay for said mare for more than thirty days after notice had been served and demand made upon it for the value thereof, in accordance with said act, and therein he asked for double damages and attorney's fee by virtue of its provisions.

It is urged that this amendment in effect set up a new cause of action, and that the circuit court erred in permitting it to be made. No objection was made by the appellant to the filing of the amendment nor to the order of the circuit court permitting it to be made. The appellant then filed its answer to this amended complaint and joined issue thereon. Even if by this action the appellant did not enter its appearance to this additional claim and waive the objection it now urges (*Kansas City So. Ry. Co.* v. *Tonn,* 102 Ark. 20), we are of opinion that this claim for double damages and attorney's fee was not a new cause of action. The cause of action upon which appellee's suit is based is the wrongful killing of his mare, and the amount of the recovery given by the above act is the damage arising out of the cause of action. It has been repeatedly held by this court that, after an appeal is taken from a justice of the peace court, the circuit court may permit an amendment by adding claims which were not included in the original demand or by increasing the

ARK.]    KANSAS CITY SO. RY. CO. *v.* ANDERSON.     503

amount of such demand, only keeping out new causes of action. *St. Louis, I. M. & S. Ry. Co.* v. *Bryant,* 92 Ark. 425.

It is urged that the court erred in admitting certain testimony and in the instructions it gave. The exception made by the appellant to the court's ruling in admitting said testimony over its objection has not been preserved by making it an assignment of error in its motion for a new trial; for this reason the alleged error can not be reviewed by us on this appeal.

The court instructed the jury to return a verdict in favor of the plaintiff and to assess the amount of his damages at the reasonable cash market value of the mare at the time and place she was killed. It is contended that the right of appellee to recover should have been submitted to the jury. The uncontroverted evidence shows that the mare was killed by one of defendant's trains. There was no testimony adduced showing or tending to show that appellant or its employees exercised ordinary care, or were free from negligence at the time the mare was killed. It has been repeatedly held that, by virtue of our statute imposing liability upon railroad companies for injury done to property by the running of their trains, a *prima facie* case of negligence is made out by proof of the injury done by the running of such trains. This presumption of negligence may be rebutted by evidence; but, if this is not done, then the presumption of negligence becomes conclusive. The court therefore did not err in the instruction given. *Midland Valley Rd. Co.* v. *Skinner,* 99 Ark. 370.

It is earnestly contended that the above act of the Legislature, imposing upon a railroad company double damages and attorney's fees for failure to pay for stock killed by its trains is unconstitutional and void in that it deprives it of its property without due process of law. In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Wynne,* 90 Ark. 538, the constitutionality of this statute was challenged. After a careful consideration of the question, this court held that the statute is valid. The case was then carried by writ of error to the Supreme Court of the United States, and the judgment was by that court reversed. It is urged by counsel for appellant that the Supreme Court of the United States

in that case determined that this statute, as construed by this court, is violative of the provision of the Constitution inhibiting the taking of property without due process of law, and for that reason is invalid; and that the statute therefore is void, inasmuch as the construction placed thereon by this, the highest court of the State in which it was enacted, fixed its meaning and its application. But the Supreme Court of the United States expressly refrained from passing upon the constitutionality of this statute. In the opinion delivered it said; "In the brief for the railway company, the contention is advanced that the statute would still be wanting in due process of law, were it construed as imposing double liability with an attorney's fee only where the prior demand is fully established in the suit following the refusal to pay; but that question does not necessarily arise upon the facts of this case, and we purposely refrain from considering it." (See opinion delivered by the Supreme Court of the United States, *St. Louis, I. M. & S. Ry. Co.* v. *Wynne,* 224 U. S. 354.) In the application of the statute to the facts of that case, as the Supreme Court of the United States found them, it declared that it is violative of the constitutional provision of due process; and with that holding we think that the construction placed upon the statute by this court is not in conflict. It found that the owner of the stock had served notice demanding damages in the sum of $500, and that subsequently he sued for only $400 damages and recovered only that amount. Upon that finding, it will be observed, the court said that the prior demand was excessive, and that the company rightfully refused to pay it. The court then held that the application of the statute to such a state of facts would subject the company to an extraordinary liability for refusing to pay an excessive demand before suit, and that the statute, so construed, was violative of constitutional rights. With this holding, we think the decisions of this court are in perfect accord. In the case of *Pacific Mutual Insurance Co.* v. *Carter,* 92 Ark. 378, referred to by the Federal Supreme Court in its opinion, it was held that the statute of this State providing that, if a loss under a policy of insurance was not paid within the time specified after a demand made therefor, the company should be liable, in addition to the amount of the loss, to 12 per

cent. damages and a reasonable attorney's fee would be invalid when applied to a case where an excessive amount was demanded before suit; and we are of opinion that the decision made by this court in the case of *St. Louis, I. M. & S. Ry. Co.* v. *Wynne, supra,* is not in conflict with the opinion rendered in that case, but, on the contrary, is in perfect harmony with it. The state of the facts as presented to this court in the case of *Ry. Co.* v. *Wynne* did not show that the amount of the recovery was less than the amount demanded before suit. In that case, therefore, the question was not presented nor decided as to whether or not the statute would be applicable to a case based upon a state of facts wherein the amount recovered was less than the sum asked for before the suit was instituted. Under the rules of this court, an abstract of the testimony adduced upon the trial of a case must be made and filed by the party taking the appeal; and, if the abstract of the testimony thus made is not controverted by the opposing party, it is presumed to be a correct statement of the facts as contained in the record. It will be seen from an examination of the statement of the abstract and brief of the attorneys in that case, as well as from the opinion itself, that the case was decided on the theory that the amount sued for and recovered was equal to the amount demanded before suit was brought. The fact that the testimony in that case showed that the amount demanded before suit was greater than the amount recovered was therefore presented for the first time in the Supreme Court of the United States, and the question of the construction of the statute as applied to that state of facts was raised for the first time in that court. The opinion rendered by this court in that case was based upon the state of facts which was presented to this court. A careful examination of the opinion rendered by this court in that case will, we think, show that this court did not place upon this statute a construction that would make it applicable to a case based upon a state of facts where a demand had been made before suit for a sum greater than that recovered upon a trial. In the opinion rendered in that case we said: "A wholesome feature of this statute which should not be overlooked in considering the question of its reasonableness is that double damages can not be recovered where the verdict

of a jury assessing the amount of damage is less than the amount sued for, thus putting a check on the extravagant and unwarranted claims being made." The construction and application of this statute as made by this court is therefore not such as to render it invalid under the decision made by the Supreme Court of the United States.

In the case at bar, the testimony shows that the amount recovered on the trial was equal to the amount demanded before suit was brought, and that the appellant failed to pay the amount so demanded within thirty days after notice served on it by appellee. As applied to such a state of facts, this court held in the Wynne case that the statute is constitutional and valid, and we see no reason for overruling that decision.

The judgment is accordingly affirmed.