LUSK ET AL., RECEIVERS ST. LOUIS & SAN FRANCISCO RAIL-
ROAD COMPANY *v.* BLEVINS.

Opinion delivered October 1, 1917.

RAILROADS—KILLING STOCK—NOTICE TO STATION AGENT.—Under Act
of 1907, p. 144, and Act of 1909, p. 778, notice of the killing of
stock by a railroad train and presentation of the claim, may be
made to a station agent.

Appeal from Crawford Circuit Court; *James Coch-
ran,* Judge; affirmed.

*W. F. Evans* and *B. R. Davidson,* for appellant.

1. A constant lookout was kept. The injury was un-
avoidable and the verdict is contrary to all principles of
justice. 39 Ark. 413; 40 *Id.* 336; 41 *Id.* 161; 53 *Id.* 96; 67
*Id.* 514.

2. No foundation was laid for the introduction of
the letter. 94 Ark. 158-165; 93 *Id.* 179; 57 *Id.* 402; 23
*Id.* 131.

3. No claim was ever presented. Acts 1909, 779, 4;
104 Ark. 500; 233 U. S. 325.

4. The act of 1907 is unconstitutional. 234 U. S.
354; 233 *Id.* 325.

5. There was no proof as to a reasonable attorney's
fee, nor that the mules were killed in Crawford County.
The venue was not proven and this is jurisdictional. 67
Ark. 512; 72 *Id.* 376; 70 *Id.* 346; 55 *Id.* 281; 38 *Id.* 205.

6. The instructions were erroneous. 62 Ark. 182;
64 *Id.* 236; 93 *Id.* 24-27; 48 *Id.* 366-370.

*Starbird & Starbird,* for appellee.

1. The railroad was clearly liable. 75 Ark. 560.

2. All objections were waived as to testimony except
as to competency and relevancy by a general objection.
116 Ark. 307; 113 *Id.* 296; 60 *Id.* 333; *Ib.* 550.

3. There is no error in the instructions. 80 Ark.
284; 75 *Id.* 61; 37 *Id.* 562; 41 *Id.* 161.

McCULLOCH, C. J. The plaintiff, N. E. Blevins,
sued the receivers of the St. Louis & San Francisco Rail-
road Company to recover double damages and attorneys'

fees on account of the killing of two mules, the property of plaintiff, run over by a passenger train operated by the receivers. The value of the mules is alleged to be the sum of $225, and it is also alleged in the complaint that plaintiff demanded the payment of that sum and that payment was refused. On the trial of the cause the jury returned a verdict in favor of plaintiff for the sum of $450, double damages, and $50 attorneys' fee.

The killing of the stock occurred at night near the station of Mountainburg, in Crawford County, Arkansas. Plaintiff owned the land through which the railroad runs and cultivated a corn crop in the field. He also had a wooded pasture adjoining the field of corn, but on the night in question the gate between the two fields was left open and the mules strayed into the corn field through which the railroad runs. When the passenger train came along the mules ran out of the corn field, which extended up to the edge of the right-of-way, and went upon the track. The evidence adduced by the plaintiff tended to show that the mules ran down the track ahead of the approaching train a considerable distance, a part of the way running along what the witness termed the "shoulder" of the dump, and the balance of the way along the track, before being struck by the engine and killed. The engineer and fireman testified that the mules were struck by the engine as soon as they came on the track—that they saw the mules running out of the corn field toward the track and gave the signal, but that it was impossible for them to stop the train after the mules came on the track. There was, therefore, a conflict in the testimony concerning the circumstances under which the mules were killed and it was a question for the jury to determine whether or not the evidence was sufficient to overcome the presumption of negligence. We think the evidence was sufficient to sustain the verdict. The evidence was likewise sufficient to sustain the verdict as to the amount of damages.

It is insisted that the judgment should be reversed for the reason that there is no proof of the venue so as

to establish the jurisdiction of the court. The complaint contained an allegation that the killing of the mules occurred in Crawford County, and there was no denial of that allegation in the answer. Therefore, the question of insufficiency of the evidence on that issue is not raised.

It is also insisted that there was no proof of the amount demanded in advance of suit so as to entitle plaintiff to recover double damages under the statute, but we find that there was an allegation in the complaint as to the amount demanded and there was no denial in the answer. The answer contains a denial as to the allegation that a demand was made, but there is no denial as to the sum demanded, and the proof of plaintiff is sufficient to show that there was a demand made for payment, although it is not stated in the testimony what the actual sum demanded was. Plaintiff testified that he lodged his claim with the station agent at Mountainburg; that the agent promised to forward the same and thereafter the claim agent came along and took his statement concerning the claim and the circumstances attending the killing of his mules. It is argued that the station agent was not the proper person to whom a notice of an injury should have been given and that the court erred in allowing the plaintiff, over the objection of defendant, to testify concerning the delivery of the notice of claim to the station agent. The statute of this State under which double damages for killing of stock is recoverable merely provides that the failure of a railway company to pay "after notice is served on such railroad by such owner" shall entitle the owner to recover double damages and a reasonable attorneys' fee, without specifying the manner in which the notice shall be given. Acts of 1907, page 144. A later statute provides that "persons, firms or corporations operating any railroad within this State shall be required to employ one or more claim agents, whose duty it shall be to visit all regular stations upon their said lines where notice has been given to the agent of said company at said station, that any kind of stock has been killed by the operation of said road, as often as once every thirty days, at

which time and place said claim agent shall take up the matter of settlement for the killing of any stock with the owner thereof, with a view to making final settlement for said stock and paying for same." Acts of 1909, page 778.

When the two statutes are read together it is clear that the station agent is constituted the agent of the railroad company for the purpose of receiving notice from the owner of the killed or injured stock and transmitting the same to the claim agent. It was, therefore, proper for the court to admit evidence offered by the plaintiff to the effect that the claim or notice had been presented to the station agent. The evidence shows that pursuant to that notice the claim agent appeared and entered into negotiations with plaintiff for a settlement.

Counsel for defendants attack the validity of the statute authorizing a recovery of double damages and attorneys' fees, but this court has upheld the validity of the statute. *Kansas City So. Ry. Co.* v. *Anderson,* 104 Ark. 500. This court construed the statute to allow such recovery only in case the sum originally demanded is not in excess of the sum awarded by the jury, and the Supreme Court of the United States sustained the validity of the statute upon that interpretation of it. *Kansas City So. Ry. Co.* v. *Anderson,* 233 U. S. 325.

There are other assignments of error which are not considered of sufficient importance to discuss. The case went to the jury upon correct instructions and the evidence was sufficient to sustain the verdict.

Judgment affirmed.