SILVANDER, Appellant, v. MOLTHAN, Respondent.

(183 N. W. 970.)

(File No. 4880.   Opinion filed July 16, 1921.)

1.  Pleadings—Suit for Rent—Supplemental Complaint Alleging Fraudulent Transfer by Defendant, Non-plea in Abatement—Election to Declare Rental Due, Demurrer Non-affecting Original Complaint—Attachment Statute.

A supplemental complaint in a suit to recover land rentals, alleging one installment of rental due, that defendant has removed or is about to remove his property from the state with intent to delay creditor and plaintiff, has sold, etc., all farm products raised during season embraced in lease with like intent, that by reason thereof plaintiff has selected "and hereby declared said cash rental to be due and payable," states a cause of action good against demurrer; this althoughh lease does not authorize lessor to declare any rentals due—though action might be begun and attachment issued before maturity of claim under Sec. 2451, Rev. Code 1919; and while demurrer admits allegation that one installment was due, its does not serve purpose of a plea in abatement—for that action was brought before any claim was due.  **Held**, further, that demurrer does not reach original complaint; and whether plaintiff could declare indebtedness due because of acts charged is immaterial, the supplemental complaint showing due date of one installment passed.

2.  **Appeal—Non-appeal from Order Permitting Supplemental Complaint, Effect on Appeal From Order Sustaining Demurrer.**

On appeal from an order sustaining demurrer to a supplemental complaint, no appeal having been taken from order permitting supplemental complaint, the latter will be held to have been properly allowed.

Appeal from Circuit Court, Deuel County.  Hon. WILLIAM N. SKINNER, Judge.

Action by J. A. Silvander, against John H. Molthan, to recover farm rentals.  From an order sustaining a demurrer to the supplemental complaint, plaintiff appeals.  Reversed, and case remanded for further proceedings.

*E. A. Berke,* for Appellant.
*W. W. Knight,* for Respondent.

SMITH, J.  Plaintiff leased a farm to defendant at an agreed rental of $1,000 for the farming season of 1919, and brought an action to recover such rental alleging the same to be due and unpaid.  Defendant answered admitting the lease, and his occupancy and use of the farm, and alleging by way of counterclaim certain false and fraudulent representations on the part of plaintiff by means of which defendant was induced to enter into the leasing contract, and claimed damages in the sum of $600.  Certain garnishment proceedings are referred to in the record in this connection; but they are entirely irrelevant to the question presented upon this appeal, and need not be further considered.

After service and filing of the answer and counterclaim, plaintiff sought and obtained leave to file a supplemental complaint, alleging the same leasing contract, and that $500 of the rental was to become due on or before December 1, 1919, and $500 on or before February 1, 1920. The original action was begun before any of the rentals were due, but at the time the supplemental complaint was filed one installment was due. The supplemental complaint further alleged:

"Upon information and belief, that the defendant has removed or is about to remove his property from this state with intent to delay his creditors, and especially this plaintiff; that the said defndant has sold, transferred, and otherwise disposed of his property, and all the farm products so raised on said premises during said season, with like intent to defraud or delay his creditors, and especially this plaintiff, and defendant has left this state; * * * that by reason of the matters and things set forth * * * the plaintiff has elected and hereby declared the said cash rental * * * to be due and payable."

[1] The lease contains no provision authorizing the lessor to declare any rentals due, though an action might be begun and attachment issued before the maturity of the claim, under section 2451, Rev. Code 1919.

[2] Defendant demurred to the cause of action thus pleaded in the supplemental complaint, for want of facts. The trial court sustained the demurrer, and plaintiff appeals. No appeal was taken by defendant from the order permitting the filing of the supplemental complaint, and we must view it in all respects as properly allowed. The demurrer admits the allegation that at least one installment of the rentals was due when the action was begun, but does not serve the purpose of a plea in abatement, for that the action was brought before any claim was due.

[3] The case of Warfield v. Oliver, 23 La. Ann. 612, cited by appellant, is not in point here. In that case the court sustained a plea in abatement, but permitted a supplemental pleading and allowed a recovery. The supplemental complaint in this case takes the place of the original complaint, so that the demurrer does not reach the original complaint—in fact the demurrer is directed specifically to the first cause of action in the supplemental complaint. Whether the plaintiff could declare the indebt-

edness due because of the acts charged is wholly immaterial, because the facts alleged in the supplemental complaint show that the due date of one of the installments of rent was passed, and there is no plea alleging that such rent was not due when the action was begun.

The order of the trial court is reversed, and the case remanded for further proceedings according to law.