DUNLIS, INC., *v.* FIDELITY COMPANY, TRUSTEE.

4-6860                                        165 S. W. 2d 612

Opinion delivered November 9, 1942.

*Raymond Jones,* for appellant.

*Ben D. Rowland* and *Philip McNemer,* for appellee.

HOLT, J. Appellee, Fidelity Company, Trustee, sued appellant, Dunlis, Inc., in the Little Rock municipal court for $150, which it was alleged was due for five months' rental, at $30 per month, on certain property of appellee occupied by appellant.

From a judgment in favor of appellee in the amount of $150, Dunlis, Inc., appealed to the circuit court. January 12, 1942, appellee filed motion in the circuit court for permission to increase the amount, $150 sued for in the municipal court, to $300, the increase of $150 representing five months' additional rental which had become due since the judgment in the municipal court. This motion the court granted over appellant's objections and exceptions. There was a jury trial in the circuit court January 14, 1942, which resulted in a judgment for $300 in favor of appellee. This appeal followed.

The facts are that on February 15, 1940, appellee, as lessor, and J. E. and Reba Highfill as lessees, entered into a written lease agreement under the terms of which appellee leased to the Highfills for a period of three years, two store rooms on Kavanaugh Boulevard in the city of Little Rock, at a rental of $30 per month, rent payments to begin, however, January 1, 1941, it being stipulated that lessees were to have the property rent free until this latter date. The Highfills operated under this lease until September 24, 1940. On this latter date the Highfills entered into a written sales contract with appellant whereby they sold to appellant for a consideration of $600 all of their right, title, equity, interest and good will in this property. The contract of sale described the property and interest of the Highfills as "a certain business and properties and good will located at 2917 Kavanaugh Street, Little Rock," and the "equity in said property and business." This contract of sale was signed by Dunlis, Inc., L. A. Lipscomb, President, P. P. Baird, Vice President, and J. E. Highfill and Mrs. J. E. Highfill, Jr. Following this sale by the Highfills to appellant, on the following day, September 25, 1940, with the express understanding and agreement among all the parties, the Highfills, Dunlis, Inc., and appellee, Fidelity Company, trustee, the Highfills surrendered the pos-

session of the property and premises to appellant, appellant taking possession. The following indorsements were made upon the lease agreement, *supra,* between the Highfills and appellee: "September 25, 1940. We, the undersigned, do hereby assume the above lease and agree to fulfill all terms included therein. Dunlis, Inc., L. A. Lipscomb, President, P. P. Baird, Vice President. This lease is hereby assigned to Dunlis, Incorporated. Fidelity Company, By: E. J. Pope, Vice President."

Appellant has had possession and the use of the property since September 25, 1940. After appellant had occupied the property for some time it sent the following letter to appellee: "Dunlis, Inc., 410 West Third St., Little Rock, Arkansas. Mr. Pope, c/o Fidelity Company, Peoples National Bank Building, Little Rock, Arkansas. Dear Mr. Pope: Due to the business conditions and as a conservative move, several weeks ago we decided to discontinue business at our No. 2 location, 2917 Kavanaugh Boulevard. We, of course, appreciate that we have this property under lease rental for a period of three years beginning January 1, 1941; naturally this lease agreement will have to be carried out by us. This of course places a burden upon this going corporation, a burden that we would like to discard as soon as possible by sub-leasing. With your assistance it is possible that the property could be rented, the opportunity to do so would be presented to you much sooner than to us. To that end we solicit your co-operation. Thanking you, we are, Yours truly, Dunlis, Incorporated. By L. A. Lipscomb, President." J. E. Highfill and his wife, Reba, both testified that "they did not have nor did they claim any interest whatever in the leased premises."

Appellant first contends that there is no valid, enforcible rental lease contract between it and appellee; that the relation of landlord and tenant is absent; that the possession and title to real property is involved, and that the court was without jurisdiction.

It is our view that none of these contentions can be sustained. It is apparent that until September 25, 1940, the appellee and the Highfills occupied the position of

landlord and tenants, and the facts appear to be undisputed that on this date, with all the parties agreeing, the Highfills sold their interest in the leased property to appellant, and with the consent of all parties the Highfills surrendered and abandoned the lease and appellant was substituted as a new lessee, by agreement, in the place of the Highfills. Under these facts the Highfills were no longer bound to appellee for the rents, but appellant, as substituted lessee, obligated itself, as appellee's tenant, for the monthly rentals becoming due from and after September 25, 1940. In 35 C. J., p. 1088, § 272, the textwriter says: ". . . Where a landlord grants a new lease to a stranger with the assent of the tenant during the existence of an outstanding lease, and the tenant gives up his own possession to the stranger who thereafter pays rent, or where in any other way a new tenant is by agreement of the tenant and landlord substituted and accepted in place of the old, there is a surrender by operation of law, and no additional consideration is necessary. It is immaterial that the old lease is not canceled, or that the original lessee signs the new lease as surety; and it is equally immaterial that the lessor in his pleading mistakenly asserts or assumes that the legal effect of the transaction between the original and the substituted tenant was a transfer of the lease." We think it clear, therefore, that the position of landlord and tenant existed between appellee and appellant, and this being true, the title to the property is in no sense involved. By the letter set out, *supra,* appellant admits that it has the property in question here "under lease rental for a period of three years, beginning January 1, 1941; naturally this lease will have to be carried out by us." No written assignment of the Highfills of their lease to appellant was necessary in the circumstances here, in order to bind appellant on the lease.

The matter comes down, therefore, to a simple suit on a written contract by a landlord against his tenant for rentals due, and clearly, the municipal court, and the circuit court on appeal, had jurisdiction.

It is finally contended by appellant that (quoting from its brief) "it was an abuse of the circuit court's

discretion, amounting to prejudicial error, for said court to allow the appellee, on the day of trial, and without notice, to amend its complaint so as to sue for double the amount sued for in the municipal court, and to refuse, upon proper motion, to continue the case until appellant could have an opportunity of pleading to the complaint, as amended, thereby forcing it to go to trial on the same day the complaint was amended; and that in no event, could a judgment be legally rendered against appellant for more than the amount which was involved in the municipal court, which amount was $150 and costs.'' We think this contention is untenable.

At the time judgment was rendered for $150 in municipal court, only five months' rental was due. When the cause came on for hearing on appeal in the circuit court, where the cause was tried *de novo,* ten months' rental was due, in the amount of $300. We think the trial court committed no abuse of discretion, or error, in sustaining appellee's motion to amend its complaint and prayer for a judgment in the sum of $300, which represented the amount of $150 recovered in the municipal court plus the five months' rental which had accumulated since the municipal court judgment and the trial date in the circuit court. Indeed we think it was the duty of the circuit court, in furtherance of justice, to save time, expense, and a multiplicity of suits, to amend the pleadings to conform to the proof. It is difficult to understand how appellant could possibly have been prejudiced or surprised by the action of the court in permitting the amendment. The amount of the judgment ($300) obtained in the circuit court was within the jurisdiction of the municipal court as well as the circuit court. When the complaint was amended in the circuit court there was but one cause of action present, the rent due appellee for ten months. The action in the municipal court was for rent due appellee, at that time. We think no new cause of action has been added in the circuit court, since it was still an action for rent for an amount within the jurisdiction of the municipal court.

In 49 C. J., p. 507, § 670, the author states the general rule in this language: ''. . . An amendment,

however, may ask for more relief upon the original cause of action than can be granted at the time the suit was begun.'' In support of the text the case of *Warfield* v. *Oliver,* 23 La. Ann. 612, from the Supreme Court of Louisiana is cited. In that case the court said: ''This was an action to enforce the obligations of a plantation lease executed by the defendant as lessee. . . . The defendant filed an exception to the prematurity of the action begun December 15, 1870, because a portion of the claim for rent was not then due, and did not become due till December 31, 1870. On the eleventh of April, 1871, the exception was sustained, with leave, however, to amend, it appearing that the rent, nearly due when suit was begun, was now long past due, and the amendment was made and issue joined thereon. We see no error, but good sense and justice in this permission to amend.'' In *K. C. So. Railway Co.* v. *Anderson,* 104 Ark. 500, 149 S. W. 58, this court announced the rule in this language: ''It has been repeatedly held by this court that after an appeal is taken from the justice of the peace court, the circuit court may permit an amendment by adding claims which were not included in the original demand, or by increasing the amounts of such demand, only keeping out any new causes of action. *St. Louis, I. M. & S. Railway Co.* v. *Bryant,* 92 Ark. 425, 122 S. W. 966,'' and in *Birmingham* v. *Rogers, et al.,* 46 Ark. 254, this court held, quoting headnote ''2,'' ''Upon an appeal from a justice of the peace, the plaintiff may amend his action in the circuit court by adding a claim against the defendant which was not included in the original action before the justice.'' In the body of the opinion the court says: ''This was a matter subject to the sound discretion of the court, but generally such amendments are allowable in furtherance of justice, and should be allowed when no unfair advantage may be taken of the defendant.''

Finding no error, the judgment is affirmed.