Clifford SIMON, as Administrator of the Estate of Theodore F. Schabo, Deceased, Plaintiff and Respondent,

v.

Charles R. SCHABO and Irma Schabo, his wife, Defendants and Appellants.

No. 7980.

Supreme Court of North Dakota.

Aug. 30, 1962.

Rehearing Denied Oct. 25, 1962.

Day, Stokes, Vaaler & Gillig, Grand Forks, for defendants and appellants.

H. G. Ruemmele, Grand Forks, for plaintiff and respondent.

BURKE, Judge.

This is a statutory action to determine adverse claims to the Northeast Quarter (NE¼) of Section Twenty-five (25) in Township One Hundred-Forty-nine (149)

Range Fifty-one (51) West in Grand Forks County, North Dakota. The case is here upon an appeal by the defendants and a trial de novo is demanded.

The history of this litigation dates from March 20, 1954. At that time Angeline Schabo, an elderly woman and the Aunt of defendant, Charles Schabo, and Theodore Schabo, his brother, was the owner of the above described tract. She also owned the Northwest Quarter (NW¼) of Section Thirty (30) Township One-Hundred-Forty-nine (149) North, Range Fifty (50) West in Grand Forks County.

On March 20, 1954, Elizabeth Schabo leased both of the above described quarter sections to Theodore Schabo for the term of her life. In consideration for the lease Theodore Schabo agreed to cultivate and maintain the land and to pay:

1. $1,000.00 a year annual rent.

2. All taxes assessed against the land.

3. All payments on the mortgage upon the land as they became due.

This lease also gave to Theodore Schabo an option to purchase the quarter in Section 25 for the sum of $4,000.00 within one year subsequent to the death of the lessor.

On August 22, 1956, Angeline Schabo and Theodore Schabo leased the two quarter sections, above described, together with another quarter section, which was owned by Theodore Schabo, to John, Joe, and Walter Rakoczy for a term of three years for an annual rental of $2,700.00 a year. The lease stipulated that the annual rental was to be applied first to taxes and payments of principal and interest upon the existing loan and the residue was to be divided between Angeline Schabo and Theodore Schabo.

On April 1, 1959, Angeline Schabo leased the single quarter section, which is the subject matter of this action, to the Rakoczy Brothers for an annual rental of $1,300.00 for the first year and a rental of $1,450.00 for each subsequent year. The lease provided for no specific term of years. This lease stipulated that the payments were to be made to Angeline Schabo. Appended to this lease was a statement signed by Theodore Schabo. This statement reads:

"I hereby ratify and approve the foregoing instrument as fully to all intents and purposes as if I were a party thereto."

On June 10, 1959, Theodore Schabo died and on June 18, 1959, Angeline Schabo, deeded this quarter section to Charles Schabo and Irma Schabo, his wife, reserving to herself a life estate therein.

Clifford Simon, the plaintiff, as Administrator of the estate of Theodore Schabo, asserts in this action that the lease from Angeline Schabo to Theodore Schabo, executed in 1954, and the option contained therein are still in full force and effect and that the title of Charles and Irma Schabo is subject to such lease and option.

Defendants urge; (1) That the lease was surrendered by Theodore Schabo; that the option and lease are not separable and that the option therefore fell with the lease, and (2) That the option was personal in character and therefore it expired with the death of Theodore Schabo.

We think it clear that, when Angeline Schabo and Theodore Schabo, on August 26, 1956, leased the two quarter sections of land, which had been previously leased by Angeline to Theodore, and another quarter section which belonged to Theodore, individually, to the Rakoczy Brothers for a lump sum cash rental of $2,700.00 a year and stipulated in the lease that the rental be paid into the probate court; that taxes and payments of principal and interest on the mortgage debt should be first paid out of such rental and the remainder paid over to Angeline and Theodore, Angeline with the consent of Theodore accepted the Rakoczy Brothers as lessees of the land she owned and Theodore was exonerated from

any further payment of the rent mentioned in his lease. The situation is further clarified by the fact that in April 1959, Angeline, alone, leased the quarter section, which is here in controversy, to Rakoczy Brothers for a cash rental which was to be paid to her alone and that Theodore ratified this lease by a statement attached thereto. The acts of the parties thus accomplished a surrender of the lease by operation of law.

"Where a landlord grants a new lease to a stranger with the consent of the tenant during the existence of an outstanding lease, and the tenant gives up his own possession to the stranger who thereafter pays rent, or where in any other way a new tenant is, by agreement of the tenant and the landlord, substituted and accepted in place of the old, there is a surrender by operation of law, * * *." 51 C.J.S. Landlord and Tenant § 124, p. 716.

Rogers v. Dockstader, 90 Kan. 189, 133 P. 717, 4 A.L.R. 663; Ferguson v. Commissioner of Internal Revenue, 10 Cir., 59 F.2d 891; Dunlis, Inc. v. Fidelity Co., 204 Ark. 918, 165 S.W.2d 612.

■■ The next question is whether the surrender of lease terminated the option.

"Whether the option to purchase contained in the lease is an independent agreement, or in connection with the lease forms one entire agreement, depends on the intention of the parties, and this is to be resolved by the construction of the instrument read in the light of its circumstances" 51 C.J.S. Landlord and Tenant § 81, p. 638.

In this case the lease specifically provides:

"It is further understood and upon consideration contained in this contract it is agreed that the second party shall have the option to purchase * * *."

From this language it is clear that the option was granted in consideration of Theodore Schabo's agreements to pay rent and farm the land described in the lease. It is to be noted too that reference is made to "this contract." This language demonstrates the intention of the parties to include the lease and the option in a single entire agreement.

"* * * Where the option to purchase in connection with the lease constitutes an entire agreement, the option itself falls if the lease is forfeited for a breach of the covenants therein contained or if the lease is terminated at any time as by abandonment or mutual release." 51 C.J.S. Landlord and Tenant § 87, p. 647.

Mooney v. Weaver, 262 Ala. 392, 79 So.2d 3; Pearson v. George, 209 Ga. 938, 77 S. E.2d 1; Bond v. Long, 338 Ill.App. 1, 86 N.E.2d 585; Gershenhorn v. Walter R. Stutz Enterprises, 72 Nev. 293, 304 P.2d 395, 306 P.2d 121. We must hold therefore that when Theodore Schabo surrendered his lease, the option contained therein terminated.

It follows that the trial court was in error in holding that the title of Charles R. and Irma Schabo to the land in question was subject to this lease and option. To that extent the judgment of the district court must be modified and a new judgment entered quieting title to the described land in Charles R. Schabo and Irma Schabo, subject only to the life estate reserved by Angeline Schabo.

SATHRE, C. J., and MORRIS, STRUTZ and TEIGEN, JJ., concur.